1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:11-cv-01726-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| P. JOHNSON, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

_____/

## First Screening Order

**I.    Screening Requirement and Standard**

Plaintiff Lamont Shepard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
2  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
3  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
4  conclusions are not.  Iqbal, 556 U.S. at 678.

5       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
6  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
7  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.
8  at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of
9  misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
10 at 969.

11 **II.    Discussion**

12      **A.    Allegations**

13      Plaintiff, who is incarcerated at California State Prison-Corcoran, brings this suit against
14 Correctional Counselors P. Johnson and D. White, Associate Warden R. S. Lambert, Captain D. Van
15 Leer, and Inmate Appeals Branch Chief D. Foston for violating his rights under Due Process Clause
16 of the Fourteenth Amendment of the United States Constitution.

17      Plaintiff's claim arises out of the resolution of his inmate appeal relating to a Security
18 Housing Unit term.  Plaintiff alleges that he filed an appeal on September 12, 2010.  Plaintiff was
19 then transferred away from CSP-Corcoran on October 12, 2010, for court proceedings, and he did
20 not transfer back to the prison until February 2011.  On February 15, 2011, Plaintiff requested any
21 appeal responses issued in his absence and he was provided with a response to the aforementioned
22 appeal.

23      Defendant Johnson authored the first level response on October 20, 2010, and in the
24 response, he stated that he interviewed Plaintiff in person on October 20, 2010.  Plaintiff alleges that
25 because he was not at the prison on October 20, 2010, and could not have been interviewed, the
26 falsification of this information constituted perjury and violated his constitutional rights.  Plaintiff
27 alleges that Defendant White, who failed to investigate, and Defendants Lambert, Van Leer, and
28 Foston all joined in the subornation of perjury.

**B.** <u>**Due Process Claim**</u>

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones</u>, 297 F.3d at 934. The Due Process Clause protects against the deprivation of liberty without due process of law, and in order to invoke the protection of the Due Process Clause, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Liberty interests may arise from the Due Process Clause itself or from state law. <u>Id.</u> Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a due process claim. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Assuming the truth of Plaintiff's allegation that Defendant Johnson falsely stated he personally interviewed Plaintiff on October 20, 2010, at the first level of appeal, Plaintiff's claim nevertheless fails as a matter of law because he may not pursue a due process claim arising out of deficiencies in the appeals process. <u>Ramirez</u>, 334 F.3d at 860; <u>Mann</u>, 855 F.2d at 640. The claim cannot be cured through amendment and therefore, this action shall be dismissed, with prejudice. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.** <u>**Order**</u>

Based on the foregoing, it is HEREBY ORDERED that:

1.      This action is dismissed, with prejudice, for failure to state a claim under section 1983; and

///

///

///

3

2.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   August 6, 2012**                    _____/s/ Sheila K. Oberto_____
                                              UNITED STATES MAGISTRATE JUDGE